UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERMAN MANSON, | : | |
| Plaintiff | : | |
| | : | CASE NO. 3:11-cv-1289 (VLB) |
| v. | : | |
| | : | December 1, 2011 |
| COMMISSIONER ARNONE, et al., | : | |
| Defendants | : | |

## ORDER

The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He seeks damages from defendants Commissioner Arnone, Correctional Officer Welch, Correctional Officer J. Smith, Correctional Officer Vieira, Deputy Warden Faucher and Marshal Michael Pio.  The plaintiff asserts claims of use of excessive force and denial of medical attention.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544,

555-56 (2007).  Conclusory allegations are not sufficient.  <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.  But "'[a] document filed <u>pro se</u> is to be liberally construed and a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  <u>Boykin v. KeyCorp</u>, 521 F.3d 202, 214 (2d Cir. 2008) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that, on June 24, 2011, he was taken to court for assaulting a correctional officer.  After he was placed in a holding cell at the state court, defendant Vieira sprayed him with a chemical agent.  At the time, the plaintiff was shackled, handcuffed while wearing a belly chain.  Defendant Pio, the supervising state marshal, did not remove the plaintiff from the cell even though the plaintiff explained that his eyes were burning and he had difficulty breathing.

After an hour, the plaintiff was taken into court.  The plaintiff's attorney was not present and the judge did not permit the plaintiff to address the court and tell the court what had occurred in the holding cell.  Defendants Vieira, Smith, Welch and a state marshal who is not named in this action, returned the plaintiff to the holding cell.  At that time, defendant Vieira again sprayed the plaintiff with a chemical agent.  When the plaintiff turned his back, defendants Vieira, Smith and Welch punched the plaintiff in the face and kicked him in the head, chest and back.  Defendant Pio denied the plaintiff's request for medical attention.

Defendants Arnone and Faucher are supervisory officials.  The doctrine of respondeat superior is inapplicable in section 1983 cases.  See Hayut v. State University of New York, 352 F.3d 733, 753 (2d Cir. 2003).  Supervisors are not automatically liable under section 1983 when their subordinates commit a constitutional tort.  To establish a claim for supervisory liability, the plaintiff must demonstrate one or more of the following criteria: (1) the defendant actually and directly participated in the alleged acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in his supervision of the correctional officers who committed the constitutional violation; or (5) the defendant was deliberately indifferent to the plaintiff's rights by failing to act in response to information that unconstitutional acts were occurring.  See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003).  The plaintiff also must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury.  See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).  In Iqbal the Supreme Court found that a supervisor can be held liable only "through the official's own individual actions."  129 S. Ct. at 1948.  This decision arguably casts doubt on the continued viability of some of the categories for supervisory liability.  The Second Circuit has not revisited the criteria for supervisory liability following Iqbal.  See DeJesus v. Albright, No. 08 Civ.

5804(DLC), 2011 WL 814838,a t *6 n.4 (S.D.N.Y. Mar. 9, 2011).  Here, the plaintiff

has alleged no facts suggesting that defendants Arnone and Faucher were

involved in or even aware of the incidents alleged.  Thus, even under the broad

categories for supervisory liability, the plaintiff had not alleged any facts to

support a claim against defendants Arnone and Faucher.

Any claims against defendants Arnone and Faucher are dismissed.  The

complaint will be served against the remaining defendants in their individual

capacities.

## ORDERS

In accordance with the foregoing analysis, the court enters the following

orders:

(1)    All claims against defendants Arnone and Faucher are DISMISSED

pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(i).

(2)    The Pro Se Prisoner Litigation Office shall verify the current work

addresses for each defendant, Correctional Officers Vieira, Smith and Welch with

the Department of Correction Office of Legal Affairs.  The Pro Se Prisoner

Litigation Officer shall mail waiver of service of process request packets to

defendants Vieira, Smith and Welch at the confirmed addresses and to defendant

Michael Pio at the address provided in the complaint.  The packets shall be

mailed within fourteen (14) days of this Order.  The Pro Se Prisoner Litigation

Office shall report to the court on the status of those waiver requests on the

thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver

request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can

be granted absent objection.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: December 1, 2011.